Scott P. Shaw, State Bar No. 223562
  Sshaw@calljensen.com
Samuel G. Brooks, Bar No. 272107
  Sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendants HAUTELOOK, INC.
and NORDSTROM, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STARDUST INTERNATIONAL CORPORATION, a California Corporation; NORDSTROM, INC., a Washington Corporation; HAUTELOOK, INC., a California Corporation; TOSCANO, INC., a New York Corporation; and DOES 1 through 10, <br><br> Defendants. | Case No.  CV13-03987 ~~PJW~~ ODW (MRWx) <br><br> **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |
| | Complaint Filed:   June 4, 2013 <br> Trial Date:         June 10, 2014 |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted.  Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information.  The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Attorneys' Eyes Only":  Discovery Material or such portion of such material as consists of:

CALL &
JENSEN

a) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

b) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

c) any other category of material or information hereinafter given Confidential status by the Court.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.  Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any

entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

2.10   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development

1  process, or to impose unnecessary expenses and burdens on other parties), expose the

2  Designating Party to sanctions.

3        If it comes to a Party's or a non-party's attention that information or items

4  that it designated for protection do not qualify for protection at all, or do not qualify for

5  the level of protection initially asserted, that Party or non-party must promptly notify all

6  other parties that it is withdrawing the mistaken designation.

7        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided

8  in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise

9  stipulated or ordered, material that qualifies for protection under this Order must be

10 clearly so designated before the material is disclosed or produced.

11        Designation in conformity with this Order requires:

12        (a)    <u>for information in documentary form</u> (apart from transcripts

13 of depositions or other pretrial or trial proceedings), that the Producing Party affix the

14 legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of

15 each page that contains protected material.

16        A Party or non-party that makes originals or copies of documents or

17 materials available for inspection need not designate them for protection until after the

18 inspecting Party has indicated which material it intends to copy.  During the inspection

19 and before the designation, all of the material made available for inspection shall be

20 deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

21 documents it wants copied and produced, the Producing Party must designate, either in

22 writing or on the record (at a deposition), which documents, or portions thereof, qualify

23 for protection under this Order.   Then the Receiving Party must affix the

24 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each

25 copied page that contains Protected Material. If only a portion or portions of the

26 material on a page qualifies for protection, the Producing Party also must clearly

27 identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins)

28

CALL&
JENSEN

1    and must specify, for each portion, the level of protection being asserted (either
2    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

3               (b)    <u>for testimony given in deposition or in other pretrial or trial</u>
4    <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on
5    the record, before the close of the deposition, hearing, or other proceeding, all protected
6    testimony, and further specify any portions of the testimony that qualify as
7    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  When it is impractical to
8    identify separately each portion of testimony that is entitled to protection, and when it
9    appears that substantial portions of the testimony may qualify for protection, the Party
10   or non-party that sponsors, offers, or gives the testimony may invoke on the record
11   (before the deposition or proceeding is concluded) a right to have up to 20 days to
12   identify the specific portions of the testimony as to which protection is sought and to
13   specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS'
14   EYES ONLY").  Only those portions of the testimony that are appropriately designated
15   for protection within the 20 days shall be covered by the provisions of this Stipulated
16   Protective Order.

17              Transcript pages containing Protected Material must be separately
18   bound by the court reporter, who must affix to the top of each such page the legend
19   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or
20   non-party offering or sponsoring the witness or presenting the testimony.

21              (c)    <u>for information produced in some form other than</u>
22   <u>documentary, and for any other tangible items</u>, that the Producing Party affix in a
23   prominent place on the exterior of the container or containers in which the information
24   or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If
25   only portions of the information or item warrant protection, the Producing Party, to the
26   extent practicable, shall identify the protected portions, specifying whether they qualify
27   as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

28

5.3    Inadvertent Failures to Designate.    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3    Court Intervention.    A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-

confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue. The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue as such.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Board members, officers and directors of the Receiving Party;

(c)   Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality

obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (e)    the Court personnel assigned to this litigation;

        (f)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

        (h)    the author and recipients of the document or the original source of the information.

    7.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)    the Court personnel assigned to this litigation;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author and recipients of the document or the original source of the information.

8.     PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons and after following the procedures provided for in Local Rule 79-5.1, a Party may not file in the public record in this action any Protected Material.

### 11.   FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Inadvertent Production of Privileged Documents.  If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party.  Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 13, 2013

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks

By: */s/ Samuel G. Brooks*
          Samuel G. Brooks

Attorneys for Defendants HAUTELOOK, INC.
and NORDSTROM, INC.

Dated:  November 13, 2013

LAW OFFICES OF S. CALVIN MYUNG
S. Calvin Myung

By: */s/ S. Calvin Myung*
          S. Calvin Myung

Attorneys for Defendants
STARDUST INTERNATIONAL
CORPORATION and NORDSTROM, INC.

Dated:  November 13, 2013

DONIGER/BURROUGHS
A Professional Corporation
Stephen M. Doniger
Annie Aboulian

By: */s/ Annie Aboulian*
          Annie Aboulian

Attorneys for Plaintiff STAR FABRICS, INC.

## SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to Annie Aboulian, counsel for Plaintiff Star Fabric, Inc. and Calvin Myung, counsel for Defendants Stardust International Corporation and Nordstrom, Inc., and that I have obtained Ms. Aboulian's and Mr. Myung's authorizations to affix their electronic signatures to this document.

*/s/ Samuel G. Brooks*

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    Dated:  November  14 , 2013          By: _____

4                                             ~~Honorable Otis D. Wright II~~
                                              Honorable Michael R. Wilner

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name],
of _____ [print full address],
declare under penalty of perjury that I have read in its entirety and understand the
Stipulated Protective Order that was issued by the United States District Court for the
Central District of California in the case of *Star Fabrics v. Stardust, et al.*, Case No.
CV13-03987 PJW.  I agree to comply with and to be bound by all of the terms of this
Stipulated Protective Order and I understand and acknowledge that failure to so comply
could expose me to sanctions and punishment in the nature of contempt.  I solemnly
promise that I will not disclose in any manner any information or item that is subject to
this Stipulated Protective Order to any person or entity except in strict compliance with
the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for
the Central District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action.

I hereby appoint _____ [print full name]
of _____ [print full address and
telephone number] as my California agent for service of process in connection with this
action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____